UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
Madison May

                            Plaintiff,
       vs.                                                COMPLAINT
                                                                     Index No. 6:23-cv-06286

COUNTY OF STEUBEN,
STEUBEN COUNTY DEPARTMENT OF
SOCIAL SERVICES, CAROLYN JACKSON,
                            Defendants.
-------------------------------------------------------------

        Plaintiff Madison May, by and through her attorney, David H. Jacobs, Esq., of the Law Office of David H. Jacobs, complaining of the Defendants, sets forth and alleges:

**Parties, Jurisdiction and Venue**

        1. This case is brought pursuant to 42 U.S.C. §1983. This case arises under the United States Constitution and the laws of the United States and presents federal questions within this Court's jurisdiction under Article III of the U.S. Constitution and 28 U.S.C. §§1343 and 1331. This Court has the authority pursuant to 28 U.S.C. §2201 *et seq.* to provide appropriate declaratory relief as to matters within its jurisdiction. Venue is proper in this district under 28 U.S.C. §1391 as all parties reside or do business in this district.

        2. At all times hereinafter mentioned, Plaintiff Madison May was and remains a resident of the County of Steuben, State of New York.

        3. Upon information and belief, at all times hereinafter mentioned, the Defendant, County of Steuben, ("Defendant County" or "County"), was and remains a municipal corporation incorporated under the Laws of the State of New York located at 3 East Pulteney Square, Steuben County, Bath, N.Y. 14810.

4. At all times relevant hereto, the Steuben County Department of Social Services ("DSS") is operated by the County of Steuben located at 3 East Pulteney Square, Steuben County, Bath, N.Y. 14810.

5. Upon information and belief, at all times hereinafter mentioned, the Defendant, Carolyn Jackson ("Jackson"), resides at 6 Cleveland Street, Addison, N.Y. 14801 and was/is licensed by Steuben County to provide foster care services and was/is working under the direction and control of the Department of Social Services.

6. Upon information and belief, at all times hereinafter mentioned, Jackson held and continues to hold herself out to be a licensed foster parent qualified in all ways to foster children in Steuben County.

**Facts Common to all Counts**

7. Madison May was in the Steuben County Foster Care system, run by DSS, since approximately 2016. Both of her parents had substance abuse issues in addition to repeated run ins with the law. Upon information and belief, both of May's siblings have been surrendered to the Foster system and her father is currently incarcerated. Needless to say, May, at all relevant times herein, was an extremely vulnerable person who relied on the Defendants to protect her.

8. In January 2019, as a result of a violation while on DSS probation, May, then a minor, was placed in foster care with Jackson at 6 Cleveland Street, Addison, Steuben County, N.Y. 14801.

9. Beginning in January, and continuing up to and including the date of the incident, Jackson allowed May and other foster children in her care to do chores, including shoveling snow and cleaning the house, at her son's home without any supervision or permission.

10. On or about the 26th day of February 2019, while under the care, control and supervision of the above named entities, by and through their foster care program, specifically Carolyn Jackson, a foster parent entrusted with the care and safety of Ms. May, May was detained against her will, and physically and sexually assaulted by Ms. Jackson's son, Michael. At the time, May was a minor. Mr. Jackson, upon information and belief, has been convicted of the sexual assault of May.

**AS AND FOR A FIRST CAUSE OF ACTION-**
**(Defendants County of Steuben, Steuben County Department**
**Of Social Services and Carolyn Jackson)**

11. Plaintiff repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

12. Defendants failed to protect Plaintiff's constitutional right to live in a safe environment while in their care and custody and the sexual assault violated her civil rights under the 8th and 14th Amendments to the U.S. Constitution and United States Code Section 1983. Further, Defendants, inter alia, negligently and intentionally inflicted emotional distress and negligently hired and supervised their contractors/employees.

13. The aforesaid actions of the Defendants, individually, jointly and severally was the proximate cause of the incident herein and Plaintiff in no way or manner contributed thereto.

14. As a result of the aforesaid, Plaintiff has suffered permanent physical and mental injuries.

15. The amount for damages sought in this cause of action exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION-**

## FAILURE TO PROTECT MAY violations of the FOURTH, EIGHTH & FOURTHEENTH AMENDMENTS
### (Steuben County, DSS and Jackson)

16. Plaintiff repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

17. Among the fundamental interests protected by the Eight Amendment is the right to be protected by governmental authorities, and/or those acting under color of state law, from cruel and unusual punishment while in their care or custody.

18. As a result of the aforementioned actions, all under color of state law, the County, Jackson and DSS ("the Defendants"), individually deprived Plaintiff of her constitutionally protected right to be free of cruel and unusual punishment and of the *rights, privileges and immunities* secured by the Constitution and laws of the United States and the Eighth and Fourteenth Amendments.

19. As a result of the their actions, these Defendants individually deprived Plaintiff of her *right to liberty* without due process of law secured by the Constitution and laws of the United States and the Fourteenth Amendment.

20. As a result of their actions, including the assault and intentional infliction of emotional harm upon Plaintiff, these Defendants individually deprived Plaintiff, of *Equal Protection under the Law* secured by the Constitution and laws of the United States and the Fourteenth Amendment.

21. The conduct by these Defendants was a result of their failure to properly manage their foster care program, including their foster parents. Steuben County/ DSS's policy and actions do not fulfill a compelling state interest, nor is it narrowly tailored to achieve a government interest.

22. The constitutional violations are all actionable under and pursuant to 42 U.S.C. 1981, 1983, 1985 and 1986.

23. The acts of these Defendants were intentional, willful, malicious and performed with reckless disregard for and deliberate indifference to Plaintiff's rights and physical well being.

24. The violations of Plaintiff' constitutional right to be free from harm while in foster care caused immediate injury in the form of emotional pain, suffering, shock, fright, humiliation, embarrassment and disgrace.

25. As a result of the foregoing, Plaintiff has suffered damages.

### AS AND FOR A THIRD CAUSE OF ACTION- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(All Defendants)

26. Plaintiff repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

27. As result of the foregoing, Defendants, individually and or vicariously, by and through their agents, servants and/or employees, intentionally, wantonly, recklessly, carelessly and/or negligently failed to keep foster children safe and engaged in extreme and outrageous conduct measured by the reasonable bounds of decency tolerated by decent society by not managing their foster system in such a way as to protect the children in their care thereby inflicting mental and emotional distress upon all Plaintiff.

28. As a result of the foregoing, Plaintiff has suffered damages.

### AS AND FOR A FOURTH CAUSE OF ACTION- NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION OF DEFENDANT JACKSON
(Steuben County and DSS)

29. Plaintiff repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

30. That at all times mentioned, the Defendant Jackson was acting within the scope of her agency with Steuben County.

31. That at all times hereinafter mentioned, the Defendants, Steuben County and its DSS, by its agents, servants and/or employees carelessly, negligently, and recklessly retained and licensed foster parents to provide care and supervision of minor children.

32. That at all times hereinafter mentioned, these Defendants by their agents, servants and/or employees carelessly, negligently, and recklessly managed/trained applicants for the position of foster parent.

33. That at all times hereinafter mentioned, these Defendants, by their agents, servants and/or employees carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of its foster parents.

34. That at all times hereinafter mentioned, these Defendants by their agents, servants and/or employees caused, permitted and allowed its foster parents to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities including , but not limited to, knowingly and maliciously allowing their foster children to work, unsupervised, outside of the home and/or in unsafe environments, abusing their official duties by not supervising their foster parents and effectively causing the incident complained of above.

35. That at all times hereinafter mentioned, these Defendants by their agents, servants and/or employees carelessly, negligently and recklessly retained in its employ and/or as agents,

contractors, foster parents clearly unfit for the position who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities prior to the date of the incident complained of herein.

36. That at the time and place aforesaid, these Defendants, by their agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, and/or intentionally failed to supervise or manage their foster parents causing serious physical and emotional injury to Plaintiff.

37. That the occurrence and injuries sustained by Plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of the Defendants, Steuben County and DSS, their agents, servants and/or employees as set forth above, without any provocation on the part of the Plaintiff contributing thereto, specifically, the negligent and reckless manner in which said Defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its foster parents.

38. As a result of the foregoing, Plaintiff has suffered damages.

### AS AND FOR A FIFTH CAUSE OF ACTION- NEGLIGENCE/GROSS NEGLIGENCE
### (Defendant Jackson)

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

40. That the aforesaid occurrence and resulting injuries to Plaintiff were due to the willful, wanton, reckless and/or malicious conduct of the individual Defendant, Carolyn Jackson.

41. That the aforesaid occurrence and resulting injuries to Plaintiff were due to the conduct of this Defendant which reflects an utter indifference to the safety and well being of others and specifically the safety and well-being of Plaintiff.

42. That the conduct of this individual Defendant exhibited a reckless disregard for human life and the safety and well being of others and more particularly, for the life, safety and well being of Plaintiff.

43. As a result of the foregoing, Plaintiff has suffered damages.

## AS AND FOR A SIXTH CAUSE OF ACTION-
## BREACH OF FIDUCIARY DUTY
**(Defendants)**

44. Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

45. Defendants, acting as a Foster Care providers under color of State Law, were in a fiduciary relationship with the Plaintiff.

46. Upon information and belief, Defendants deviated from their own standards and practices in relation to foster care policies and procedures, to wit, allowing a child within its custody and control to work unsupervised and/or unauthorized out of the home.

47. Defendants owed Plaintiff a fiduciary duty to, inter alia, deal with it in the utmost good faith and fidelity.

48. Defendants' breached their fiduciary duties to the Plaintiff by the actions alleged herein, including without limitation, by allowing May to work at Jackson's son's home unsupervised and/or without authority, failing to properly train, manage and supervise Jackson, providing Jackson with a license and/or the authority to be a foster parent without conducting

appropriate background checks of other family members, failing to confirm that May had the authority to enter Jackson's son's home and allowing him to assault May.

49. The Defendants' breach of fiduciary duties as aforesaid proximately caused damage to Plaintiff.

50. The Defendants' acted wantonly and in reckless disregard of Plaintiff' rights in breaching their fiduciary duties.

51. As a result of the foregoing, Plaintiff has suffered damages.

**AS AND FOR AN SEVENTH CAUSE OF ACTION-
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Defendants)**

52. Plaintiff repeat, reiterate, and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if set forth more fully herein.

53. Defendants continually negligently inflicted emotional distress on the Plaintiff.

54. Defendants had a continuing affirmative duty to perform their services in such a manner as not to inflict emotional distress on the Plaintiff by allowing her to be exposed to danger.

55. Defendants breached their duties to the Plaintiff.

56. The Plaintiff (as a minor) was legally incapable and never interfered with the Defendants' obligations under the above-described duties.

57. Plaintiff suffered not only physical symptomatologies but also, as a consequence of the physical injury, mentally by Defendants' breach of duty.

58. Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of Defendants.

59. As a direct result of the Defendants' negligent conduct, Plaintiff has suffered and will continue to suffer physical symptomatologies, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

**CAUSE OF ACTION UNDER Civil Rights Act of 1871 (*MONELL*), 42 U.S.C. §1983 & 20 U.S.C. §1681 et.seq:**
**(Steuben County, DSS and Jane/John Doe, case manager)**

60. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 - 59 as if more fully set forth herein.

61. The foregoing violations of Plaintiff's federal constitutional rights and resultant injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to Steuben County, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, to be safe and free from any assaults while in its care and custody.

62. Prior to the assault, policymaking officials at Steuben County and/or DSS, with deliberate indifference to the constitutional rights of its fosters, elected not to provide foster parents with minimally adequate training (or any training at all), supervision and elected not to adopt minimally adequate policies, procedures, or standards, concerning the care of its foster children. DSS had a pattern of constitutional violations so prevalent in the department that the practice was customary.

WHEREFORE, Plaintiff request judgment against the Defendants for $2,000,000.00 in compensatory and $2,000,000.00 in punitive damages, plus the costs, attorneys fees, disbursements of the action, interest and any other relief the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiffs request trial by jury on all issues so triable.

Dated: May 24, 2023

*dhj*_____
David H. Jacobs, Esq.
Law Office of David H. Jacobs
Attorney for Plaintiff
5 East Market Street
Suite 306
Corning, New York 14830
(240) 447-0651
david@dhjacobslaw.com
Bar No. 4443149