UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Madison May,

Plaintiff,

v.

STEUBEN COUNTY, STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, CAROLYN JACKSON,

Defendants.

**STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES' ANSWER**

Civ. Action No. 6:23-cv-06286-CJS

Defendant, Steuben County Department of Social Services (hereinafter referred to as "Defendant") as and for its Answer to the Complaint herein, by and through its attorneys Underberg & Kessler LLP, herein states as follows:

1. Denies the allegations contained in paragraphs 10, 12, 13, 14, 18, 19, 20, 21, 23, 24, 25, 27, 28, 31, 32, 33, 34, 35, 36, 37, 38, 46, 48, 49, 50, 51, 53, 55, 57, 58, 59, 61 and 62 of the Complaint.

2. Admits the allegations contained in paragraphs 3 and 4 of the Complaint.

3. Defendant, denies knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in paragraphs 1 and 56 of the Complaint, but to the extent that the paragraphs make allegations of law, and not assertions of fact, no responses are necessary, as the law applicable to this matter shall be determined by the Court at the time of trial, and further denies any inference therein that Defendant violated any state or federal law, rule or regulation.

4. Defendant denies the allegations contained in paragraph 54 of the Complaint, but to the extent that the paragraph makes allegations of law, and not assertions of fact, no responses are necessary, as the law applicable to this matter shall be determined by the Court at the time of trial, and further denies any inference therein that Defendant violated any state or federal law, rule or regulation.

5. Defendant does not admit nor deny the allegations contained in paragraphs 17 and 22 of the Complaint, but to the extent that the paragraphs make allegations of law, and not assertions of fact, no responses are necessary, as the law applicable to this matter shall be determined by the Court at the time of trial, and further denies any inference therein that Defendant violated any state or federal law, rule or regulation.

6. Denies knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraphs 2, 5, 6, 7, 8, 9, 15, 30, 40, 41, 42, 43, 45 and 47 of the Complaint.

7. In answering paragraphs 11, 16, 26, 29, 39, 44, 52 and 60 of the Complaint, the Defendant repeats and realleges each and every admission or denial previously made with regard to the allegations contained and/or referred to therein with the same force and effect as if said admission and denials were herein again fully set forth.

8. Defendant demands a jury trial in this action.

9. Defendant denies any and all allegations not heretofore admitted, denied, or controverted.

**FIRST AFFIRMATIVE DEFENSE**

10. Upon information and belief, Plaintiff's claims are barred by the applicable statute of limitations and therefore must be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

11. Upon information and belief, the Complaint fails to state a cause of action against the answering Defendant upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

12. Plaintiff's grievances alleged in the Complaint have available administrative remedies, which Plaintiff failed to exhaust; the Complaint should be dismissed for Plaintiff's failure to exhaust such available administrative remedies before seeking redress of these grievances in Court.

**FOURTH AFFIRMATIVE DEFENSE**

13. Upon information and belief, the Plaintiff failed to mitigate her damages. Accordingly, the answering Defendant's liability, if any, should be reduced by the amount of damages caused in any part by Plaintiff's failure in that regard.

**FIFTH AFFIRMATIVE DEFENSE**

14. Upon information and belief, the Plaintiff has failed to comply with the provisions of §50-e and related provisions of the General Municipal Law and New York County Law, and this action was not properly commenced as against the Defendant, and therefore should be dismissed.

**SIXTH AFFIRMATIVE DEFENSE**

15. Plaintiff's Complaint fails to include required parties.

**SEVENTH AFFIRMATIVE DEFENSE**

16. Defendant is entitled to the qualified immunity afforded it in the adoption and carrying out of policies and official actions pursuant to the authority granted by New York State Law and the United States Constitution as, at all relevant times, the Defendant acted in good

faith compliance with all relevant constitutional and statutory law, committed no act infringing on any clearly established constitutional rights of the Plaintiff, nor did the Defendant act with the required mental state for liability to attach, and thus Plaintiff's claims are barred individually, and/or totally under the Qualified Good Faith Immunity Doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

17. The Plaintiff lacks subject matter jurisdiction to bring this action.

**NINTH AFFIRMATIVE DEFENSE**

18. Upon trial, it may appear that some or all of the damages claimed by Plaintiff herein were brought about or contributed to by reason of the culpable conduct of the Plaintiff's herself, including contributory negligence and/or assumption of the risk. If so, Plaintiff's damages, if any, must be diminished by the proportion that the Plaintiff's culpable conduct or assumption of the risk bears to the culpable conduct and/or assumption of the risk which caused the damages.

**TENTH AFFIRMATIVE DEFENSE**

19. The Plaintiff has not been deprived of any cognizable federally guaranteed right.

**ELEVENTH AFFIRMATIVE DEFENSE**

20. If Defendant should be found liable to Plaintiff, and if such liability is found equal to 50% or less of the total liability of all parties liable, then pursuant to Article 16 of the New York Civil Practice Law and Rules, liability of the Defendant to the Plaintiff should not exceed its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

**TWELFTH AFFIRMATIVE DEFENSE**

21. Upon information and belief, the evidence at trial will show that the Defendant did not violate any Federal or State law or provision of the United States Constitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

22. Upon information and belief, some or all of the damages alleged in the Complaint are barred or limited by the provisions of §4545 of the CPLR.

**FOURTEENTH AFFIRMATIVE DEFENSE**

23. The relative culpability of each person, who is or may be liable to contribute to any liability for the damages alleged by plaintiff in this action, should be determined in accordance with federal and New York State decisional and statutory law. The equitable share of each person liable for contribution should be determined and apportioned in accordance with the relative culpability of each such person, if any, pursuant to Article 14 of the Civil Practice Law and Rules.

**FIFTEENTH AFFIRMATIVE DEFENSE**

24. Upon information and belief, the evidence at trial will show that the Defendant acted appropriately and objectively reasonably; and/or that Defendant did not act with deliberate indifference or wanton or intentional disregard towards the Plaintiff.

WHEREFORE, Defendant, Steuben County Department of Social Services, demands judgment dismissing the Plaintiff's Complaint together with the costs and disbursements of this action, and in the event that judgment is rendered against this defendant, that such judgment be diminished in proportion to the culpable conduct of the plaintiff, granting such other and further relief as this Court may deem just and proper, together with the cost and disbursements of the action.

Date: Rochester, New York
June 27, 2023

UNDERBERG & KESSLER LLP

*s/David H. Fitch, Esq.*________

David H. Fitch, Esq.
*Attorneys for Defendant*
*Steuben County Dept. Soc. Services*
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 258-2800
dfitch@underbergkessler.com
Bar No. 2873370

To: LAW OFFICE OF DAVID H. JACOBS
David H. Jacobs, Esq.
5 East Market Street, Suite 306
Corning, NY 14830
Telephone: (240) 447-0651
david@dhjacobslaw.com
Bar No. 4443149