UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MADISON MAY,

                    Plaintiff,

v.

COUNTY OF STEUBEN, STEUBEN
COUNTY DEPARTMENT OF SOCIAL
SERVICES, and CAROLYN JACKSON,

                    Defendants.

**ANSWER AND COUNTERCLAIMS**

Civil Action No. 6:23-cv-06286

Defendant Carolyn Jackson ("Jackson" or "Defendant") by her attorneys, The Law Office of Barry E. Janay, P.C., for her Answer and Counterclaims to the Complaint of Plaintiff Madison May ("May" or "Plaintiff"), responds as follows:

1. Defendant does not possess information sufficient to form the basis of a belief as to the truth or falsity of the assertions contained in paragraph 1.

2. Defendant does not possess information sufficient to form the basis of a belief as to the truth or falsity of the assertions contained in paragraph 2.

3. Defendant does not possess information sufficient to form the basis of a belief as to the truth or falsity of the assertions contained in paragraph 3.

4. Defendant does not possess information sufficient to form the basis of a belief as to the truth or falsity of the assertions contained in paragraph 4.

5. Defendant admits the assertions contained in paragraph 5 pertaining to her residence.

6. Defendant admits to the assertions contained in paragraph 6.

## Facts Common to all Counts

7. Defendant does not possess information sufficient to form the basis of a belief as to the truth or falsity of the assertions contained in paragraph 7.

8. Defendant admits to the assertions contained in paragraph 8 as to the date upon which May and Jackson entered one another's lives but does not possess information sufficient to form the basis of a belief as to the truth or falsity of the assertion that this instance was the result of May's DSS probation violation.

9. Defendant denies the assertions contained in paragraph 9 relating to whether the foster children in Jackson's care were supervised while completing chores.

10. Defendant denies the assertions of harm to Plaintiff contained in paragraph 10 insofar as they claim that Jackson was personally responsible for the physical and sexual assault of May by Jackson's son.

## AS AND FOR A FIRST CAUSE OF ACTION –
### (Defendants County of Steuben, Steuben County Department of Social Services and Carolyn Jackson)

11. Defendant repeats her admissions, denials, and other statements as they pertain to the allegations contained in paragraphs 1-10 in response to the assertions contained in paragraph 11.

12. Defendant denies the assertions contained in paragraph 12 regarding all allegations of violations of civil rights and Plaintiff's allegations that Jackson intentionally inflicted emotional distress and was negligent in hiring and supervising contractors and employees.

13. Defendant denies the assertions set forth in paragraph 13 as Jackson being the proximate cause of the incident noted in paragraph 10 or having contributed to such proximate cause.

14. Defendant does not possess information sufficient to form the basis of a belief as to the truth or falsity of the assertions contained in paragraph 14.

15. Defendant denies the assertions contained in paragraph 15.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Defendant repeats her admissions, denials, and other statements as they pertain to the allegations contained in paragraphs 1-10 in response to the assertions contained in paragraph 16.

17. Defendant denies any applicability of the assertions in paragraph 17 to herself.

18. Defendant denies any applicability of the assertions in paragraph 18 to herself.

19. Defendant denies any applicability of the assertions in paragraph 19 to herself.

20. Defendant denies any applicability of the assertions in paragraph 20 to herself.

21. Defendant denies any applicability of the assertions in paragraph 21 to herself.

22. Defendant denies any applicability of the assertions in paragraph 22 to herself.

23. Defendant denies any applicability of the assertions in paragraph 23 to herself.

24. Defendant denies any applicability of the assertions in paragraph 24 to herself.

25. Defendant denies the assertions contained in paragraph 25.

## AS AND FOR A THIRD CAUSE OF ACTION- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

26. Defendant repeats her admissions, denials, and other statements as they pertain to the allegations contained in paragraphs 1-10 in response to the assertions contained in paragraph 26.

27. Defendant denies the assertions set forth in paragraph 27 insofar as they relate to Defendant's personal and individual actions or omissions and any associated responsibility or

liability for the harm alleged by Plaintiff, and as they characterize Defendant's personal and individual conduct as extreme and outrageous.

28. Defendant denies the assertions set forth in paragraph 28.

### AS AND FOR A FOURTH CAUSE OF ACTION- NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION OF DEFENDANT JACKSON
### (Steuben County and DSS)

29. Defendant repeats her admissions, denials, and other statements as they pertain to the allegations contained in paragraphs 1-10 in response to the assertions contained in paragraph 29.

30. Defendant does not possess information sufficient to form the basis of a belief as to the truth or falsity of the assertions contained in paragraph 30.

31. Defendant denies any applicability of the assertions in paragraph 31 to herself.

32. Defendant denies any applicability of the assertions in paragraph 32 to herself.

33. Defendant denies any applicability of the assertions in paragraph 33 to herself.

34. Defendant denies any applicability of the assertions in paragraph 34 to herself.

35. Defendant denies any applicability of the assertions in paragraph 35 to herself.

36. Defendant denies any applicability of the assertions in paragraph 36 to herself.

37. Defendant denies any applicability of the assertions in paragraph 37 to herself.

38. Defendant denies the assertions set forth in paragraph 38.

### AS AND FOR A FIFTH CAUSE OF ACTION- NEGLIGENCE/GROSS NEGLIGENCE
### (Defendant Jackson)

39. Defendant repeats her admissions, denials, and other statements as they pertain to the allegations contained in paragraphs 1-10 in response to the assertions contained in paragraph 39.

40. Defendant denies the assertions contained in paragraph 40.

41. Defendant denies the assertions contained in paragraph 41.

42. Defendant denies the assertions contained in paragraph 42.

43. Defendant denies the assertions contained in paragraph 43.

### AS AND FOR A SIXTH CAUSE OF ACTION- BREACH OF FIDUCIARY DUTY
### (Defendants)

44. Defendant repeats her admissions, denials, and other statements as they pertain to the allegations contained in paragraphs 1-10 in response to the assertions contained in paragraph 44.

45. Defendant denies the assertions contained in paragraph 45.

46. Defendant denies the assertions contained in paragraph 46.

47. Defendant denies the assertions contained in paragraph 47.

48. Defendant denies the assertions contained in paragraph 48 regarding whether Jackson's acts and/or omissions constitute a breach of fiduciary duty, if such duty existed at the time of the incident.

49. Defendant denies the assertions contained in paragraph 49.

50. Defendant denies the assertions contained in paragraph 50.

51. Defendant denies the assertions contained in paragraph 51.

### AS AND FOR A SEVENTH CAUSE OF ACTION- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Defendants)

52. Defendant repeats her admissions, denials, and other statements as they pertain to the allegations contained in paragraphs 1-10 in response to the assertions contained in paragraph 52.

53. Defendant denies the assertions contained in paragraph 53.

54. Defendant denies the assertions contained in paragraph 54.

55. Defendant denies the assertions contained in paragraph 55.

56. Defendant denies the assertions contained in paragraph 56.

57. Defendant denies the assertions contained in paragraph 57.

58. Defendant does not possess information sufficient to form the basis of a belief as to the truth or falsity of the assertions contained in paragraph 58.

59. Defendant denies the assertions contained in paragraph 59.

**CAUSE OF ACTION UNDER Civil Rights Act of 1871 (*MONELL*), 42 U.S.C. § 1983 & 20 U.S.C. § 1681 et. seq:**
**(Steuben County, DSS an Jane/John Doe, case manager)**

60. Defendant repeats her admissions, denials, and other statements as they pertain to the allegations contained in paragraphs 1-10 in response to the assertions contained in paragraph 60.

61. Defendant denies any applicability of the assertions in paragraph 61 to herself.

62. Defendant denies any applicability of the assertions in paragraph 62 to herself.

63. Defendant denies the appropriateness or entitlement to damages set forth in Plaintiff's Complaint for $2,000,000 in compensatory and $2,000,000 in punitive damages and further denies Plaintiff's entitlement to costs, attorneys fees, disbursements of the action, interest, and other relief at issue in the present case.

## AFFIRMATIVE DEFENSES

64. Defendant asserts the following affirmative defenses and reserve the right to amend her Answer as additional information becomes available. The listing of any defense below shall not be construed as an admission that Defendant will bear the burden of proof as to such defense:

## FIRST DEFENSE

65. The Complaint is barred in whole or part because it fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

66. The Complaint is barred in whole or part due to the Plaintiff's contributory negligence.

## THIRD DEFENSE

67. The Complaint is barred in whole or part due to the Plaintiff's comparative negligence.

## FOURTH DEFENSE

68. The Complaint is barred in whole or part because Plaintiff did not mitigate its alleged damages.

## FIFTH DEFENSE

69. The Complaint is barred in whole or part because Defendants did not breach any duty owed to the Plaintiff.

## SIXTH DEFENSE

70. The Complaint is barred by the doctrine of laches.

## SEVENTH DEFENSE

71. The Complaint is barred by the doctrine of unclean hands.

## EIGHTH DEFENSE

72. Plaintiff has intentionally, willfully, and maliciously instituted the within action for the purpose of coercing and compelling some monetary settlement to which Plaintiff is not

entitled and which has no basis in law or probable cause. Accordingly, the Complaint constitutes malicious use of process and must be dismissed.

## NINTH DEFENSE

73. As far as the Complaint herein seeks damages, the Complaint must be dismissed in that the Plaintiff has sustained no damages.

## TENTH DEFENSE

74. Plaintiff's Complaint is frivolous and accordingly Defendants reserve the right to move to dismiss and seek counsel fees and costs at the conclusion of this case pursuant to statute.

## ELEVENTH DEFENSE

75. Defendants incorporate by reference all the allegations contained in the Counterclaim to the extent that same may be considered a defense to the allegations as contained in the Complaint.

## TWELFTH DEFENSE

76. The Complaint is barred in whole or part against Defendant because of the doctrine of respondeat superior.

## THIRTEENTH DEFENSE

77. The Complaint is barred in whole or part because Defendant complied with all applicable laws, regulations, specifications, and standards as set forth by local, state, and federal law, as well as with all applicable statutes, codes, rules, ordinances, approvals, plans, specifications, and directions.

## FOURTEENTH DEFENSE

78. The Complaint is barred in whole or part because Plaintiff's claims constitute injury by fellow servant.

79. The Defendants reserves their right to amend or supplement the foregoing separate defenses as this case progresses.

## **CROSSCLAIMS**

80. Defendant Jackson by way of crossclaims against her co-Defendants Steuben County and Steuben County DSS says:

### CROSSCLAIM FOR INDEMNITY

81. If Defendant Jackson is caused to sustain damages by reason of the claims set forth in Plaintiff's Complaint, and if any judgment is recovered by Plaintiff against this Defendant, that by reason of the doctrine of respondeat superior, the Co-Defendants will be liable to Defendant Jackson by reason of respondeat superior and/or common law indemnity, for the full amount of any verdict or judgment awarded to the Plaintiffs against Defendant Jackson, together with attorneys' fees, costs, and disbursements.

82. Defendant further asserts that any alleged tortious wrongdoing, if any, was secondary, and that the alleged tortious wrongdoing, if any, of Co-Defendants, was the primary, active, and direct cause of the damages alleged to the Plaintiff.

83. Defendant further asserts that her actions while fostering, supervising, and caring for Plaintiff were closely dictated and governed by Co-Defendants Steuben County and Steuben County DSS, who provided her with instruction and resources regarding the method and means Defendant Jackson's services were to be carried out.

### CROSSCLAIM FOR CONTRIBUTION

84. Co-Defendants are joint tortfeasors and, therefore, Defendant Jackson demands contribution for any judgment or judgments rendered against her by virtue of NY CPLR §§ 1401 and 1411 (2012).

Dated: August 4, 2023
       Livingston, NJ

**THE LAW OFFICE OF BARRY E. JANAY, P.C.**
*Attorneys for Defendant Carolyn Jackson*

By: *Andrew Zeitz*
     Andrew Zeitz, Esq.

SIGNED VIA ILOVEPDF
02C0B05D-194C-4ED3-9F76-5391610AD243